# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVKA OFIR, Ph.D., <br><br> Plaintiff, <br><br> v. <br><br> TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No.: 17cv1544-MMA (JMA) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br><br> [Doc. No. 6] |

On July 31, 2017, Plaintiff Rivka Ofir filed a complaint against Defendant Transamerica Premier Life Insurance Company ("Transamerica") alleging several causes of action arising out of Transamerica's refusal to pay Plaintiff accidental death benefits for the accidental death of her spouse, Moshe Ofir ("Moshe"). *See* Doc. No. 1 ("Compl."). Defendant moves to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b). *See* Doc. No. 6-1 ("MTD"). Plaintiff filed an opposition [Doc. No. 8 ("Oppo.")] and Defendant filed a reply [Doc. No. 9 ("Reply")]. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc No. 12. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND[1]

On or around August 1, 2014, Defendant Transamerica and Plaintiff entered into a written insurance agreement, which replaced Plaintiff's then-existing written insurance

---

[1] Because this matter is before the court on a 12(b)(6) motion to dismiss, the Court must accept as true the allegations set forth in the operative complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

contract with Hartford Life and Accident Company ("Hartford"). Compl. ¶ 5. Transamerica provided the terms of the insurance contract to Plaintiff in a written certificate, which Plaintiff alleges was an adhesion contract. *Id.* Pursuant to the insurance contract, Transamerica agreed to provide Plaintiff accidental death benefits amounting to $150,000 if her then-spouse, Moshe, died as a result of injuries suffered in an accident. *Id.*

The insurance contract contained an "aviation exclusion" provision, which Plaintiff alleges "was not plain, was not clear, and was not conspicuous." *Id.* Plaintiff further alleges that the aviation exclusion provision in the insurance contract differed from the aviation exclusion provision in the Hartford insurance contract. *Id.* Transamerica did not specifically notify Plaintiff of the differences between the two aviation exclusion provisions and other provisions of the contracts prior to Plaintiff and Transamerica entering into the Transamerica insurance contract. *Id.* Thus, Plaintiff alleges that the aviation exclusion provision of the Transamerica insurance contract is unenforceable. *Id.* Plaintiff also alleges that the aviation exclusion provision is unconscionable under California Civil Code § 1670.5. *Id.*

On March 10, 2014, Transamerica sent Plaintiff a letter with a copy of a certificate of insurance that Transamerica proposed Plaintiff accept as a renewal of her accidental death and dismemberment insurance provided by Hartford. *Id.* Transamerica stated that the coverage under the insurance contract was similar to her existing coverage with Hartford. *Id.* Plaintiff alleges that this statement was false and that she did not know of its falsity. *Id.* From March 10, 2014 until July 31, 2014, Plaintiff alleges that Transamerica was in a fiduciary relationship with her in the capacity as an administrator of the Hartford group insurance plan. *Id.*

On or about July 14, 2015, Moshe died accidentally as a result of injuries suffered when the aircraft he was operating crashed. Compl. ¶ 6. Thereafter, Plaintiff claimed accidental death benefits pursuant to the terms of the insurance contract in the amount of $150,000. *Id.* On December 12, 2016, Transamerica refused to pay Plaintiff the death

benefits pursuant to the aviation exclusion, allegedly breaching the insurance contract. *Id.*

Accordingly, Plaintiff asserts the following causes of action: (1) breach of insurance contract; (2) tortious breach of the implied covenant of good faith and fair dealing (bad faith); (3) breach of fiduciary duty; and (4) fraud under negligent misrepresentation and concealment. *See generally*, Compl.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Twombly*, 550 U.S. at 557. The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Under Rule 9(b), when the complaint includes allegations of fraud, a party must "state with particularity the circumstances constituting fraud or mistake," even though "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Failure to satisfy this heightened pleading requirement can result in dismissal of the claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). In general, the plaintiff's averments of fraud must be "specific enough to give defendant[] notice of the particular misconduct . . . so that [defendant] can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1106 (internal quotation marks and citation omitted). Specifically, plaintiffs are required to

supplement allegations of fraud with "the who, what, when, where, and how" of the misconduct charged or, in other words, to specify the time, place, and content of the alleged misrepresentation, in addition to why the statement in question is false or misleading. *Id.* at 1106-07.

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

<u>**REQUEST FOR JUDICIAL NOTICE**</u>

Defendant requests the Court judicially notice four documents in support of its motion to dismiss: (1) Transamerica Policy of Life Insurance ("Transamerica Policy") issued to Policyholder National Monumental Credit Union Group Insurance Trust C/O SDCCU, Group Policy Number MZ0926738H0050F; (2) Transamerica Certificate of Life Insurance ("Certificate") issued to Policyholder National Monumental Credit Union Group Insurance Trust C/O SDCCU, Group Policy Number MZ0926738H0050F, Insured Members Rivka Ofir and Moshhav Hatzeva; (3) the March 10, 2014 letter from Doug Smith to Rivka Ofir; and (4) Hartford Certificate of Insurance ("Hartford Policy"), Policyholder SDCCU, Policy Number ADD-12208, insured persons Rivka Ofir and Moshhav Hatzeva. Doc. No. 6-7 ("Request for Judicial Notice") at 1-3. Defendant asserts that Plaintiff alleges that she is entitled to coverage under the Transamerica Policy, that the terms were conveyed to her through the Certificate, and that Plaintiff references the letter and Hartford Policy throughout her complaint. *Id.* at 2-3.

Accordingly, Defendant argues these documents are appropriate for judicial notice. *Id.* Plaintiff objects to the Transamerica Policy, the Certificate, and the Hartford Policy. Oppo. at 17-18.

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 8; *see also* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908 (internal citations omitted). A court "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds in abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiff does not object to the March 10, 2014 letter, which is referenced in the complaint. Accordingly, the Court **GRANTS** Defendant's request and incorporates the March 10, 2014 letter by reference into the complaint. *See Parrino*, 146 F.3d at 706 (stating that a court may consider a document upon which the plaintiff's complaint relies where the authenticity is not disputed).

Plaintiff declares that she never knew about nor saw the Transamerica Policy prior to Defendant's motion to dismiss and request for judicial notice. Doc No. 8-1,

Declaration of Rivka Ofir, Ph.D in Opposition to Defendant's Motion to Dismiss ("Ofir Decl."), ¶ 3. Plaintiff notes that the Transamerica Policy attached to Defendant's request has an effective date of May 1, 2014, whereas Plaintiff alleges her Transamerica Policy has an effective date of August 1, 2014. Oppo. at 17. The Transamerica Policy provided by Defendant does list the effective date as May 1, 2014. Request for Judicial Notice, Exhibit A at 5. This date differs from the effective date listed in the complaint, in the March 10, 2014 letter, and in Defendant's request for judicial notice. *See* Request for Judicial Notice, Exhibit A at 5, Exhibit C at 2; Compl. ¶ 5; Request for Judicial Notice at 2 (stating that the Transamerica Policy "effective date of coverage August 1, 2014" is referenced in the complaint). Accordingly, the Court **DENIES** Defendant's request to judicially notice the Transamerica Policy.

Plaintiff also objects to the Court judicially noticing the Certificate and the Hartford Policy. Oppo. at 17-18. She declares that the Certificate is not the certificate of insurance she received in March of 2014. Ofir Decl., ¶ 4. The certificate of insurance Plaintiff received in March 2014 was on Monumental Life Insurance Company's letterhead and had smaller font than the Certificate Defendant provided. *Id.* Plaintiff additionally declares that she never saw the Hartford Policy prior to Defendant's motion to dismiss. *Id.* ¶ 6. Defendant contends the Certificate was sent to Plaintiff to convey the terms and coverage of the Transamerica Policy. Request for Judicial Notice at 2. Both the Certificate and Hartford Policy attached to Defendant's request for judicial notice are "specimen copies" of the policy coverage. *Id.*, Exhibits B and D. Defendant does not authenticate the Certificate as a "specimen copy," but asserts that the Certificate is a true and correct copy of the certificate of insurance referenced in Plaintiff's complaint. *See* Doc. No. 6-2, Declaration of Judy Lovelady in Support of Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. Pro § 12(b)(6) ("Lovelady Decl."), ¶ 4. Defendant does authenticate the Hartford Policy as a "true and correct copy" of the "specimen copy of the Certificate of Insurance for the Hartford Policy." *Id.* ¶ 10. Plaintiff appears to argue that the documents referenced in the complaint are the actual

certificates of insurance specific to Plaintiff and not specimen copies. *See* Compl.; s*ee also* Request for Judicial Notice, Exhibit C; *see* Oppo. at 17-18. Accordingly, Plaintiff asserts that the Certificate and Hartford Policy attached to Defendant's request for judicial notice are not what Defendant claims it to be. The Court notes that Plaintiff does not dispute the substance of the Certificate, only the format (i.e., the size of font and the letterhead), and does not dispute the substance of the Hartford Policy. *See* Oppo. at 16-18. Therefore, Plaintiff does not dispute the authenticity of the policies' coverage as stated in the specimen copies. Accordingly, the Court **GRANTS** Defendant's request to judicially notice the Certificate and Hartford Policy as specimen copies and not as the copies actually sent to Plaintiff. *See Knieval v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (stating that the incorporation by reference doctrine extends "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document"); *see also Feingold v. John Hancock Life Ins. Co. (USA)*, No. 13-cv-10185, 2013 WL 4495126, at *2 (D. Mass. Aug. 19, 2013) (taking judicial notice of a specimen copy of life insurance policy referenced in plaintiff's complaint, where the policy was "central to his claims, and [he] has not disputed its authenticity").

### DISCUSSION

Defendant moves to dismiss each of Plaintiff's causes of action for failure to state a claim. *See* MTD. Plaintiff opposes each of Defendant's arguments. *See* Oppo. The Court addresses each cause of action in turn.

### *1.* ***Breach of Contract***

Plaintiff alleges Defendant breached the insurance contract by refusing to pay $150,000 in accidental death benefits to Plaintiff following her husband's accidental death. Compl. ¶ 6. Specifically, she contends the aviation exclusion is unenforceable because it is not plain, clear and conspicuous, the notice of change of insurance coverage was not plain, clear, and conspicuous, and because the aviation exclusion is unconscionable under California Civil Code § 1670.5. Compl. ¶ 5. Defendant contends

7

it did not breach the insurance contract as a matter of law because the aviation exclusion is plain, clear, and conspicuous, negating any unconscionability defense, and because the Transamerica aviation exclusion is substantially the same as the Hartford Policy aviation exclusion such that a plain, clear, and conspicuous notice of change of coverage was not required. MTD at 9. Thus, Defendant asserts the aviation exclusion is enforceable. *Id.*

## A. Whether the Aviation Exclusion is Plain, Clear, and Conspicuous

Plaintiff first alleges that the aviation exclusion is unenforceable because it is not plain, clear, or conspicuous. Compl. ¶ 5. "[I]nterpretation of an insurance policy is a question of law." *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 18 (Cal. 1995). "While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (Cal. 1992). Accordingly, "the mutual intention of the parties at the time the contract is formed governs interpretation," and if possible, the Court infers intent from the written provisions of the insurance policy. *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 821 (Cal. 1990). If the language "is clear and explicit, it governs." *Bank of the West*, 2 Cal. 4th at 1264.

"Provisions which purport to exclude coverage or substantially limit liability must be set forth in plain, clear and conspicuous language." *Thompson v. Occidental Life Ins. Co.*, 9 Cal. 3d 904, 921 (Cal. 1973) (citing *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 273 (Cal. 1966)). To be plain, clear, and conspicuous, coverage exclusions and limitations must meet two separate tests: (1) the exclusion must be conspicuous, meaning it "must be placed and printed so that it will attract the reader's attention[;]" and (2) the exclusion "must be stated precisely and understandably, in words that are part of the working vocabulary of the average layperson." *Haynes v. Farmers Ins. Exchange*, 32 Cal. 4th 1198, 1204 (Cal. 2004).

The rule that exclusionary language must be conspicuous, plain, and clear only applies when the insured has a reasonable expectation of coverage. *Id.* at 1213. Once the Court determines the insured has a reasonable expectation of coverage, the Court

considers whether the limitation on that coverage is conspicuous. *Travelers Property Casualty Co. of America v. Superior Court*, 215 Cal. App. 4th 561, 575 (Cal. Ct. App. 2013). The limitation is conspicuous if "the entire policy adequately directs the reader to the terms of the relevant exclusionary language." *Id.* (citing *Haynes*, 32 Cal. 4th at 1210). Then, the Court considers whether the provision is plain and clear so as to give the exclusion effect, which "means more than the traditional requirement that contract terms be 'unambiguous.' Precision is not enough. Understandability is also required." *Haynes*, 32 Cal. 4th at 1211 (internal quotation marks and citations omitted).

The parties do not dispute that Plaintiff had a reasonable expectation of coverage for accidental death benefits. *See* MTD at 9-10 (arguing that the exclusion is plain, clear, and conspicuous). As Defendant does not proceed on this basis for dismissing Plaintiff's breach of contract claim, the Court assumes a reasonable expectation of coverage and turns to whether the limitation is conspicuous, plain, and clear. *See Travelers Property Casualty Co. of America*, 215 Cal. App. 4th at 575 (assuming a reasonable expectation of coverage existed where the parties did not raise the issue).

Defendant contends the aviation exclusion in the Transamerica Policy is conspicuous because it contained a section entitled "EXCLUSIONS," which is titled in all capital letters and bold print, and underneath the title are eight exclusions, which are separately enumerated, indented, and identified by bullet points. MTD at 9. Defendant further asserts that the font of the exclusions is the same size and typeface as the other policy provisions. *Id.* at 10. Plaintiff counters that at this stage of the proceedings, Plaintiff need only plead facts that there was a breach of contract. Oppo. at 9. Thus, Plaintiff relies on her complaint, which states that Defendant breached the insurance contract by refusing to pay her $150,000 in accidental death benefits because the aviation exclusion is unenforceable. Compl. ¶¶ 5-6.

Specifically, Plaintiff alleges that "[t]he aviation exclusion provision in THE INSURANCE CONTRACT was not plain, was not clear, and was not conspicuous." Compl. ¶ 5. However, Plaintiff does not factually support her allegation by explaining

9

the location of the exclusion, the size and typeface of the font, or any other fact that might support a finding that the exclusion was not conspicuous. *See id.*

The California Supreme Court has "held an exclusion clause conspicuous as a matter of law when it was found in a section under the bold face heading 'Exclusions,' in printing the size and intensity identical to the rest of the policy." *Doyle v. Safeco Ins. Co. of Am.*, No. CV F 08-1587 LJO GSA, 2008 WL 5070055, at *4 (E.D. Cal. Nov. 26, 2008) (citing *National Ins. Underwriters v. Carter*, 17 Cal. 3d 380, 384-85 (Cal. 1976)). However, the Court notes that Plaintiff disputes the Transamerica Policy copy attached to Defendant's motion to dismiss, but has not provided a version of the Transamerica Policy she received. *See* Oppo. at 17-18 (objecting to Defendant's request for judicial notice); *see also* Compl. (containing no attachments or portions of the policy Defendant allegedly breached). Absent an undisputed copy of the Transamerica Policy that Plaintiff received, the Court is unable to determine whether the exclusion is conspicuous.

Even so, Plaintiff insufficiently pleads that the exclusion is unenforceable because it is not plain, clear, and conspicuous. While the Court must assume the truth of all factual allegations in Plaintiff's complaint, *Cahill*, 80 F.3d at 337-38, the Court "need not take legal conclusions as true merely because they are cast in the form of factual allegations," *Roberts*, 812 F.2d at 1177, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss," *Pareto*, 139 F.3d at 699. Plaintiff's allegations omit any explanation of how the aviation exclusion is not conspicuous, and as a result, are conclusory and unsupported by factual allegations. *See* Compl.

Assuming without deciding that the exclusion is conspicuous, the Court next turns to whether the exclusion's language is plain and clear. Defendant contends the exclusion does not contain any technical language and unambiguously states its exclusions, and therefore is clear and plain. MTD at 10. Defendant notes that Plaintiff does not claim she didn't understand the exclusion, that it was ambiguous, inappropriately defined, or

incomprehensible.  *Id.*  Defendant contends, and Plaintiff does not dispute, that the

Transamerica Policy exclusion states:

> We will not pay a benefit for a Loss which is caused by, results from, or
> contributed to by:
>
>   . . .
>
> - operating or riding in any aircraft except as a fare-paying passenger
>   on a regularly scheduled commercial flight or as a passenger in a
>   transport plane operated by the Air Mobility Command (AMC) of
>   the United States of America

*Id.* at 7; *see also* Request for Judicial Notice, Exhibits A and B.  This language is plain

and clear.  Plaintiff offers nothing meaningful to challenge Defendant's contention that

the language of the aviation exclusion is understandable.  *See* Oppo.  Moreover, as

discussed above, Plaintiff disputes the Transamerica Policy attached to Defendant's

request for judicial notice, failed to provide a copy of the policy she claims to have

received, and fails to allege in her complaint the specific language of the aviation

exclusion.  *See id.*; *see also* Compl.  Plaintiff merely alleges that the contract "contained

what is commonly referred to as an aviation exclusion provision" and that the language of

the exclusion is "not plain" and "not clear."  Compl. ¶ 5.  Thus, even without considering

the language of the aviation exclusion provided by Defendant, the Court finds that

Plaintiff has insufficiently pleaded that the aviation exclusion is not in plain or clear

language.

Accordingly, the Court finds that Plaintiff has failed to sufficiently plead the

aviation exclusion is unenforceable because it is not plain, not clear, and not conspicuous.

### B.  *Whether the Aviation Exclusion is Unconscionable*

Plaintiff also alleges that the aviation exclusion is unenforceable because it is both

procedurally and substantively unconscionable.  Compl. ¶ 5.  Unconscionability is a

defense to the enforcement of an entire contract or particular contractual provisions.  Cal.

Civ. Code § 1670.5(a).  "'[U]nconscionability has generally been recognized to include

an absence of meaningful choice on the part of one of the parties together with contract

terms which are unreasonably favorable to the other party.'"  *A & M Produce Co. v. FMC*

17cv1544-MMA (JMA)

*Corp.*, 135 Cal. App. 3d 473, 486 (Cal. Ct. App. 1982) (internal alterations omitted) (citing *Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445, 449 (D.C. Cir. 1965)). In other words, unconscionability has both a procedural and a substantive element. *Id.* The procedural element focuses on oppression and surprise due to unequal bargaining power, and the substantive element focuses on the fairness of the terms of the agreement and whether they are overly harsh or one-sided. *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*, 55 Cal. 4th 223, 246 (Cal. 2012). Contracts or provisions of contracts found to be substantively unconscionable are often described as "unduly oppressive," "so one-sided as to shock the conscience," and "unreasonably favorable to the more powerful party." *Grand Prospects Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1347 (Cal. Ct. App. 2015) (citing *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1145 (Cal. 2013)). "The elements of procedural and substantive unconscionability need not be present to the same degree because they are evaluated on a sliding scale. Consequently, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to conclude the term is unenforceable, and vice versa." *Id.* (internal citation omitted).

Plaintiff contends the procedural element is met because she alleges the contract is an adhesion contract. Oppo. at 10; Compl. ¶ 5. Plaintiff further contends the substantive element is met because she, "an elderly widow, was denied all benefits after the accidental death of her husband after not being informed as required by California law of the existence of the very exclusion on which the Defendant relied on in denying those benefits." Oppo. at 10.

Under California law, procedural unconscionability can be established by showing the contract is one of adhesion. *The McCaffrey Group, Inc. v. Superior Court*, 224 Cal. App. 4th 1330, 1349 (Cal. Ct. App. 2014). The California Supreme Court defines "contract of adhesion" to mean a standardized contract imposed and drafted by the party of superior bargaining strength that provides the subscribing party only the opportunity to adhere to the contract or reject it. *Armendariz v. Foundation Health Psychcare Services,*

*Inc.*, 24 Cal. 4th 83, 113 (Cal. 2000) (citing *Neal v. State Farm Ins. Cos.*, 188 Cal. App. 2d 690, 694 (Cal. Ct. App. 1961)). Plaintiff has not sufficiently pleaded that the insurance contract with Defendant is a contract of adhesion. Plaintiff has not pleaded the contract is a standardized contract that was presented to Plaintiff without any opportunity to negotiate its terms, and has not pleaded that Defendant had superior bargaining strength or that Plaintiff had no real alternatives available to her at the time she entered into the contract. *See* Compl. In fact, Plaintiff asserts that she did have real alternatives available to her at the time. Ofir Decl. ¶ 5 (declaring that "[h]ad it been brought to my attention that I would not, or even may not, receive benefits under the [Transamerica Policy] if my husband Moshe died from his activities as a pilot under the [Transamerica Policy], I could have, and would have, purchased other insurance which would have provided coverage . . .". Plaintiff merely alleges that "[t]he terms of THE INSURANCE CONTRACT were conveyed to Plaintiff in a written certificate of insurance which written certificate of insurance was drafted by Defendant TRANSAMERICA and was an adhesion contract." Compl. ¶ 5. Plaintiff's conclusory allegation that the Transamerica Policy is an adhesion contract, particularly without providing the Court with an undisputed copy of the Transamerica Policy, is insufficient to allege that the contract may be one of adhesion. Plaintiff must provide some factual support for her procedural unconscionability claim beyond merely alleging the Transamerica Policy is an adhesion contract.

Similarly, Plaintiff has failed to sufficiently plead substantive unconscionability. Plaintiff explains the substantive element is met because an elderly widow was denied all benefits after her husband's accidental death. Oppo. at 10. However, the fact that Plaintiff is an elderly widow who was ultimately denied accidental death benefits does not necessarily mean the terms of the aviation exclusion are overly harsh or one-sided. *See Pinnacle Museum Tower Assn.*, 55 Cal. 4th at 246 (the substantive element of unconscionability "pertains to the fairness of an agreement's actual *terms* and to assessments of whether they are overly harsh of one-sided") (emphasis added). Plaintiff

solely alleges that the insurance contract contains an aviation exclusion, that it is unconscionable, and that her husband died as a result of injuries suffered when the aircraft he was operating crashed. Compl. ¶¶ 5-6. Thus, Plaintiff fails to allege any facts pertaining to the harshness or one-sidedness of the terms contained within the aviation exclusion. *See* Compl. ¶¶ 5-6.

As a result, Plaintiff has insufficiently pleaded that the aviation exclusion is unenforceable because it is unconscionable.

### C.     Whether the Notice of Change of Insurance Coverage was Plain, Clear, and Conspicuous

Plaintiff contends that on March 10, 2014, Defendant sent her a letter notifying her that she would no longer be covered by the Hartford Policy and would instead be covered by the Transamerica Policy. Compl. ¶5. Plaintiff alleges the letter proposed Plaintiff accept the Transamerica Policy as a renewal of her accidental death and dismemberment insurance and that the coverage is "similar" to coverage under the Hartford Policy. *Id.* She further alleges coverage was not similar, particularly as it pertained to the aviation exclusion. *Id.*

"Under California law, changes to insurance coverage must be in a clear and conspicuous writing." *Casey v. Metro. Life Ins. Co.*, 688 F. Supp. 2d 1086, 1095 (E.D. Cal. 2010). "The rule is and should be: Deletions or exclusions from a renewal group policy should be communicated and explained to the subscriber by a plain, clear and conspicuous writing." *Fields v. Blue Shield of Calif.*, 163 Cal. App. 3d 570, 583 (Cal. Ct. App. 1985). Warning an insured to "read [their] entire policy carefully" is not effective notice of changes in the policy involving loss of benefits. *Id.* Any notice of changes to the policy must adequately bring such changes to the members' attention. *Casey*, 688 F. Supp. 2d at 1095.

Defendant contends that the aviation exclusion in the Hartford Policy and the Transamerica Policy both excluded coverage for the death of Plaintiff's husband. MTD at 10. As a result, Defendant argues that there was no change in insurance coverage with

14

respect to the aviation exclusion, and therefore, no notice was required to be given to Plaintiff. *Id.* In support, Defendant provides a side by side comparison of the aviation exclusions:

| HARTFORD POLICY | TRANSAMERICA POLICY |
|---|---|
| The Policy does not cover any Loss resulting from . . .<br>4. Injury sustained while riding On any aircraft except a Civil or Public Aircraft, or Military Transport Aircraft;<br>5. Injury sustained while riding On any aircraft:<br>   a) as a pilot, crewmember or student pilot;<br>   b) operated or leased by or on behalf of the Policyholder, or any employer or organization whose eligible persons are covered under the Policy. | We will not pay a benefit for a Loss which is caused by, results from, or contributed to by: . . .<br>  &bull; operating or riding in any aircraft except as a fare-paying passenger on a regularly scheduled commercial flight or as a passenger in a transport plane operated by the Air Mobility Command (AMC) of the United States of America |

*Id.*; Request for Judicial Notice, Exhibits A, B, and D. Plaintiff does not dispute the substance of the aviation policies. *See* Oppo. Based on Plaintiff's allegations that her husband died as a result of injuries suffered when the aircraft he was operating crashed and the aviation exclusion terms provided by Defendant, it appears that accidental death benefits would have been refused under either policy. However, because Plaintiff disputes the authenticity of the documents containing the aviation exclusion terms, the Court is unable to conclusively determine whether the aviation exclusions were similar enough to negate the need for a notice of change of insurance in plain, clear, and conspicuous language.

Notwithstanding this fact and focusing on the Complaint, Plaintiff merely alleges that Defendant's letter indicated that the coverage is "similar" to the Hartford Policy's coverage and that the aviation exclusions differ. *See* Compl. ¶ 5. Plaintiff only alleges that the Transamerica Policy's aviation exclusion is broader than the Hartford Policy's aviation exclusion. Compl. ¶ 17. However, Plaintiff does not explain how the Transamerica Policy's aviation exclusion is broader, nor does she allege that she would

have been covered under the Hartford Policy.  *See id.*  Again, absent an undisputed copy of the two policies and absent factual allegations supporting her claims, the Court cannot conclude that Plaintiff has sufficiently pleaded the policies were different to the extent that she was entitled to receive notice in plain, clear, and conspicuous language specifically drawing her attention to the differences between the aviation policies.  As such, the Court finds that Plaintiff insufficiently pleads unenforceability of the aviation exclusion as a result of insufficient notice of change of insurance.

### D.    Conclusion

Plaintiff has not sufficiently pleaded that the aviation exclusion contained in the Transamerica Policy is unenforceable, and therefore, fails to sufficiently plead that Defendant breached the insurance contract by refusing to pay accidental death benefits to her under the aviation exclusion.  Accordingly, the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's breach of contract cause of action without prejudice and with leave to amend.

### 2.    *Bad Faith*

In her second cause of action, Plaintiff alleges Defendant "unreasonably and tortiously breached the implied covenant of good faith and fair dealing" by refusing to pay Plaintiff $150,000 in accidental death benefits after Plaintiff's counsel informed Defendant the aviation exclusion is unenforceable.  Compl. ¶ 10.  Defendant argues this cause of action should be dismissed because "Plaintiff is not entitled to any benefits under the Transamerica Policy because her claim is excluded by the application of the aviation exclusion."  MTD at 12.

"There is implied in every contract a covenant by each party not to do anything which will deprive the other parties thereto of the benefits of the contract."  *Harm v. Frasher*, 181 Cal. App. 2d 405, 417 (Cal. Ct. App. 1960).  A "breach of a specific provision of the contract is not a necessary prerequisite" to establishing a breach of the implied covenant of good faith and fair dealing.  *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (Cal. 1992).  However, "[t]he implied

covenant will not apply where no express term exists on which to hinge an implied duty, and where there has been compliance with the contract's express terms." *Berger v. Home Depot U.S.A., Inc.*, 476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007) (citations omitted).

The Court has already found that Plaintiff insufficiently pleaded that the aviation exclusion is unenforceable and, therefore, insufficiently pleaded that Defendant breached the insurance contract by failing to pay accidental death benefits to Plaintiff. In other words, Plaintiff insufficiently pleads that Defendant did not comply with the insurance contract's express terms. It follows then, that Plaintiff has not sufficiently pleaded that Defendant breached the implied covenant of good faith and fair dealing by refusing to pay the accidental death benefits after Plaintiff's counsel claimed the aviation exclusion is unenforceable. "The covenant of good faith and fair dealing does not impose on [Defendant] duties beyond its contractual obligations." *Neng-Guin Chen v. Citibank (West), FSB*, No. 11-CV-01189 H (NLS), 2011 WL 3739535, *3 (S.D. Cal. Aug. 24, 2011) (citing *Raeth v. Nat'l City Bank*, 755 F. Supp. 2d 899, 906 (W.D. Tenn. 2010)). Thus, the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's breach of the implied covenant of good faith and fair dealing cause of action without prejudice and with leave to amend.

### 3. *Fiduciary Duty*

Plaintiff alleges in her third cause of action that Defendant breached its fiduciary duty as an administrator of the group insurance plan issued by The Hartford by falsely representing in the March 10, 2014 letter that accidental death benefits under the Transamerica Policy were similar to accidental death benefits under the Hartford policy. Compl. ¶ 13. She states that Defendant "had a fiduciary duty to disclose to Plaintiff specifically the differences between the renewal coverage it was offering in THE INSURANCE CONTRACT and Plaintiff's existing insurance with THE HARTFORD and did not do so." *Id.* More pointedly, Plaintiff alleges Defendant breached its fiduciary duty by failing to inform her that Defendant's aviation exclusion "was broader than the aviation exclusion provision in the certificate of insurance Plaintiff had with THE

HARTFORD." *Id.* Defendant argues this cause of action must be dismissed because "California law does not recognize an action for breach of a fiduciary duty between an insured and insurer" and because Defendant was not the administrator of the group insurance plan. MTD at 12.

Under California law, a breach of fiduciary duty claim requires "the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (Cal. Ct. App. 1991). The California Supreme Court has observed that the relationship between the insurer and the insured is not a "true 'fiduciary relationship.'" *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1151 (Cal. 2001) (citing Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2000) § 11:150, 11-31). Additionally, the relationship "between an insurer and a prospective insured is not a fiduciary relationship." *Cal. Serv. Station & Auto. Repair Ass'n v. Am. Home Co.*, 62 Cal. App. 4th 1166, 1173 (Cal. Ct. App. 1998). While California courts have imposed "'special and heightened' duties" upon insurers in recognition of their "unequal bargaining power in which the insured must depend on the good faith and performance of the insurer," these "fiduciary-like duties arise because of the unique nature of the insurance contract, *not* because the insurer *is* a fiduciary." *Vu*, 26 Cal. 4th at 1151 (internal citations omitted). Thus, "as a matter of California law, no true fiduciary duty arises from the insurer-insured relationship and an insured therefore cannot maintain a claim for breach of fiduciary duty based solely on the insurer-insured relationship." *In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig.*, No. C-05-04726 RMW, 2007 WL 486367, at *7 (N.D. Cal. Feb. 12, 2007); *accord Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138 (9th Cir. 1998) (holding that an insurer owes no fiduciary duty to its insured under California law).

However, an insurer may be charged with a fiduciary obligation to its insured if it "knowingly undertake[s] to act on behalf and for the benefit of Plaintiff." *City of Hope Nat. Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 386 (Cal. 2008) ("before a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on

behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law"). Courts have permitted insured plaintiffs to proceed with breach of fiduciary duty claims against insurers where affirmative representations and actions by insurers created a fiduciary relationship that would otherwise not exist as a matter of law. *See, e.g., In re Nat'l W. Life Ins. Deferred Annuities Litig.*, 467 F. Supp. 2d 1071, 1087 (S.D. Cal. 2006) (denying motion to dismiss breach of fiduciary duty claim where the insurers' "sales agents allegedly held themselves out as objective financial planners who act in Plaintiffs' best interests" and where the insureds were "senior citizens" who purchased "allegedly complex financial instruments which the average person cannot understand"); *Negrete v. Fid. & Guar. Life Ins. Co.*, 444 F. Supp. 2d 998, 1004 (C.D. Cal. 2006) (denying motion to dismiss breach of fiduciary duty claim where plaintiffs alleged that defendant insurers "assumed fiduciary duties" to plaintiffs "[b]y virtue of their purported positions as financial advisors, estate planning specialists, and because of their superior knowledge and ability to manipulate and control senior citizens' finances and legal status"); *Fischer v. Aviva Life & Annuity Co.*, No. 2:10-CV-1693-GEB-EFB, 2010 WL 3582559, at *6 (E.D. Cal. Sept. 10, 2010) (denying motion to dismiss breach of fiduciary duty claim where plaintiffs alleged insurers "acted as investment advisors" for plaintiffs); *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1108 (C.D. Cal. 2006), *as amended* Aug. 21, 2006 (denying motion to dismiss breach of fiduciary duty claim where plaintiffs supplied "extensive allegations that defendants trained their sales agents to lure senior citizens into their confidence by offering assistance with estate and financial planning, ultimately to sell them improper annuities using standardized marketing materials and annuity contracts").

Here, Plaintiff alleges "Defendant was acting as the plan administrator . . . of The Hartford under which Plaintiff was an insured in March 2014 [until] July 31, 2014." Oppo. at 12. Plaintiff appears to argue that Defendant's March 10, 2014 letter indicates that Defendant was the plan administrator. *See id.*; Comp. ¶ 13. However, Defendant contends that at all relevant times the administrator of the Hartford Policy was Affinion

Benefits Group LLC.  MTD at 12.  The March 10, 2014 letter, which the Court judicially notices, supports Defendant's contention.  *See* Request for Judicial Notice, Exhibit C.  In the last sentence of the letter, Doug Smith, licensed insurance agent for Defendant, directs Plaintiff to contact the Plan Administrator with any questions regarding the change of insurance coverage.  *Id.*  Importantly, the letter does not indicate that Defendant was the plan administrator of the Hartford Policy from March 10, 2014 until July 31, 2014.  *See id.*  Plaintiff also has failed to allege that Defendant affirmatively represented it would act on behalf and for the benefit of Plaintiff.  *See City of Hope Nat. Med. Ctr.*, 43 Cal. 4th at 386.  Further, the Court finds it incredulous that Defendant would be the plan administrator for the Hartford Policy from March 10, 2014 until July 31, 2014, when the Hartford Policy likely had another plan administrator prior to Defendant notifying Plaintiff of a change of carrier.  Accordingly, the Court finds that Plaintiff has not sufficiently pleaded a fiduciary relationship between Defendant and Plaintiff.

Based on the foregoing, the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's breach of fiduciary duty cause of action without prejudice and with leave to amend.

### 4.    *Fraud*

Plaintiff alleges in her fourth cause of action that Defendant's March 10, 2014 letter constituted a fraud upon Plaintiff.  Compl. ¶ 16.  Specifically, Plaintiff contends Defendant represented to Plaintiff that she "should agree to enter into the proposed renewal insurance contract Defendant TRANSAMERICA was offering effective August 1, 2014 which included accidental death benefits covering Plaintiff's then-husband, Moshe Ofir."  *Id.*  She alleges that based on the March 10, 2014 letter, Plaintiff agreed to enter into the insurance contract with Defendant, believing she would receive accidental death benefits if her husband died while operating an aircraft.  *Id.*  Plaintiff bases her fraud cause of action on two theories—negligent misrepresentation and concealment. Compl. ¶¶ 17-18.

### A.    Negligent Misrepresentation

Plaintiff first alleges that Defendant negligently misrepresented to Plaintiff that the Hartford Policy was similar to the Transamerica Policy, when in fact the aviation exclusions and other provisions within the contracts differed.  Compl. ¶ 17.  More specifically, Plaintiff states that the aviation exclusion provision in the Transamerica Policy was broader than the aviation exclusion provision in the Hartford Policy.  *Id.*  Defendant argues that Plaintiff's negligent misrepresentation claim should be dismissed for failure to satisfy Rule 9(b)'s heightened pleading standard.  MTD at 13-14.

Under California law, negligent misrepresentation is narrower than fraud because it lacks the element of intent to deceive.  *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1055 (9th Cir. 2008).  "'Therefore, where the defendant makes false statements, honestly believing that they are true, but without reasonable ground for such belief, he may be liable for negligent misrepresentation . . . .'"  *Id.* (citing *Intrieri v. Superior Court*, 117 Cal. App. 4th 72, 86 (Cal. Ct. App. 2004)).  Under Federal Rule of Civil Procedure 9, a plaintiff must plead fraud with particularity.  Fed. R. Civ. P. 9(b).  "Rule 9(b)'s particularity requirement applies to state-law causes of action."  *Vess*, 317 F.3d at 1103.  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Id.* at 1106 (quoting *Cooper v. Picket*, 137 F.3d 616, 627 (9th Cir. 1997)).  A "plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.'"  *Id.* at 1106 (quoting *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).  "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiff alleges that Defendant falsely represented to her that the Transamerica Policy is "similar" to the Hartford Policy in the March 10, 2014 letter.  Compl. ¶ 17.  Thus, Plaintiff contends that she sufficiently pleaded the who, what, where, and when of

the Defendant's alleged negligent misrepresentation. Oppo. at 14. She further states that she sufficiently pleaded the how because she alleges the Hartford Policy and the Transamerica Policy are not "similar" because the Transamerica Policy's aviation exclusion is broader than the Hartford Policy's aviation exclusion. *Id.*; *see also* Compl. ¶ 17. Defendant contends it did not make a negligent misrepresentation because the aviation exclusions are similar and that both policies' aviation exclusions would have precluded Plaintiff from receiving accidental death benefits. MTD at 14-16.

Plaintiff does sufficiently allege the who, what, when, and where by alleging that Defendant, through its agent Doug Smith, sent Plaintiff a letter on March 10, 2014, which states that the Transamerica Policy and the Hartford Policy are similar. Compl. ¶ 17; *see* Request for Judicial Notice, Exhibit C. However, her allegations are insufficient to meet the heightened pleading standard explaining how the aviation exclusions are different. *See* Compl. ¶ 17. Plaintiff fails to plead how the Transamerica Policy's aviation exclusion is broader than the Hartford Policy's aviation exclusion, and fails to plead that she would have received accidental death benefits under the Hartford Policy. *See id.* If Plaintiff had sufficiently alleged that she would have received accidental death benefits under the Hartford Policy the Court would be satisfied that the dissimilarity caused damage to Plaintiff when she relied on Defendant's assertion that the policies were similar. However, Plaintiff does not allege such a dissimilarity and, therefore, also fails to plead damages resulting from Defendant's representation that the Hartford Policy and Transamerica Policy are "similar." Moreover, merely alleging that Defendant's aviation exclusion is broader than the Hartford's aviation exclusion, without any factual explanation, does not necessarily mean that the two aviation exclusions are dissimilar. Accordingly, Plaintiff fails to sufficiently plead that Defendant negligently misrepresented that the two policies are "similar."

### B. Concealment

Second, Plaintiff contends Defendant concealed the fact that the Transamerica Policy's aviation exclusion and the Hartford Policy's aviation exclusion were different.

Compl. ¶ 18.  "[T]he elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage."  *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-13 (Cal. Ct. App. 1992); *see Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151, 157-58 (Cal. Ct. App. 2004).  As discussed above, Plaintiff fails to sufficiently plead how the aviation policies are dissimilar, and thus, fails to plead damage resulting from the dissimilarity. Accordingly, Plaintiff fails to sufficiently plead fraud based on concealment.

### C. Conclusion

Plaintiff has not sufficiently pleaded fraud based on negligent misrepresentation or concealment.  As a result, the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's cause of action for fraud without prejudice and with leave to amend.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES** Plaintiff's claims without prejudice and with leave to amend.  Plaintiff must file a First Amended Complaint ("FAC"), if any, on or before **December 22, 2017**.

**IT IS SO ORDERED**.

Dated:  December 6, 2017

Hon. Michael M. Anello
United States District Judge

17cv1544-MMA (JMA)