# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVKA OFIR, Ph.D., | Case No.: 17cv1544-MMA (JMA) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, | |
| Defendant. | [Doc. No. 18] |

On December 22, 2017, Plaintiff Rivka Ofir ("Plaintiff") filed a First Amended Complaint ("FAC") against Defendant Transamerica Premier Life Insurance Company ("Transamerica") alleging several causes of action arising out of Transamerica's refusal to pay Plaintiff accidental death benefits for the accidental death of her spouse, Moshe Ofir ("Moshe"). Doc. No. 14 ("FAC"), ¶ 8. Defendant moves to dismiss Plaintiff's FAC under Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 18-1 ("MTD"). Plaintiff opposes dismissal of all claims [Doc. No. 19 ("Oppo.")] and Defendant replies that dismissal is warranted [Doc. No. 20 ("Reply")]. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 23. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

On or around August 1, 2014, Transamerica and Plaintiff entered into a written insurance agreement, which replaced Plaintiff's then-existing written insurance agreement with The Hartford Accident and Life Insurance Company ("Hartford") for group Accidental Death and Dismemberment ("AD&D") insurance coverage.  FAC, ¶¶ 3, 7-8.  Plaintiff alleges she "was never given any opportunity to convert her coverage under T[he] H[artford] group AD&D plan to individual coverage" and that the Transamerica group AD&D plan "was a standardized contract drafted solely" by Transamerica.  FAC ¶ 7.

Plaintiff learned of the Transamerica insurance agreement on March 10, 2014, when Transamerica sent Plaintiff a letter along with a certificate of insurance ("Transamerica Certificate").  *Id.*  The letter indicated that "[t]he change from The Hartford will not interrupt your AD&D coverage" and that Transamerica's plan will continue to insure Plaintiff "for similar AD&D coverage using [Transamerica's] standard provisions, definitions, [and] filed language . . . ."  *Id.*  The letter also stated that the Transamerica Certificate "fully describes all benefits, exclusions, limitations, reductions of benefits, and terms of coverage under the [Transamerica] plan . . . ."  *Id.*  However, Plaintiff alleges the Transamerica Certificate states that it only "summarizes certain provisions of the Group Policy . . . ."  *Id.*

Plaintiff alleges that the Hartford policy and Transamerica policy are not "similar" and that Transamerica failed to notify her of the differences between the two policies.  FAC, ¶ 7.  Specifically, Plaintiff alleges that the Transamerica policy "eliminates a $3,000 non-contributory benefit which was part of [the Hartford policy]," adds a definition and exclusion based on sickness which was not contained in the Hartford

---

[1] Because this matter is before the Court on a 12(b)(6) motion to dismiss, the Court must accept as true the allegations set forth in the operative complaint.  *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

policy, and broadens the aviation exclusion in the Hartford policy.  *Id.*  Because Transamerica failed to disclose these differences, Plaintiff alleges the insurance contract is unenforceable.  *Id.*  Plaintiff also alleges the aviation exclusion is unenforceable because it is not plain, clear, or conspicuous and also is unconscionable.  *Id.*

Plaintiff further alleges Transamerica was acting as Affinion Group Benefits'[2] ("Affinion's") agent when it sent the March 10, 2014 letter, giving rise to a fiduciary relationship between Plaintiff and Transamerica.  FAC, ¶¶ 3, 15.  Accordingly, Plaintiff claims Transamerica had a fiduciary duty to specifically disclose to Plaintiff differences between the Transamerica policy and the Hartford policy.  FAC, ¶ 15.  Because Transamerica failed to do so, Plaintiff alleges Transamerica breached its fiduciary duty, causing the denial of benefits for Moshe's accidental death.  FAC, ¶¶ 15-16.

On July 14, 2015, the aircraft Moshe was piloting crashed.  FAC, ¶ 7.  The "aircraft was seen to be flying as if it was out of control."  *Id.*  It was a clear day and an examination of the aircraft revealed "that there was no mechanical problem which caused the aircraft to crash."  *Id.*  Moshe suffered from health problems, including a heart problem and loss of vertigo.  *Id.*  As such, Plaintiff alleges upon information and belief that the injuries Moshe suffered on July 14, 2015, including his death, were "injuries 'resulting from' . . . the sudden manifestation of a health problem . . . which prevented [Moshe] from being able to control the aircraft."  *Id.*  Plaintiff concedes, however, that Moshe "died accidentally as a result of injuries he suffered when the aircraft he was operating crashed."  FAC, ¶ 15.  After Moshe's accidental death, Plaintiff claimed accidental death benefits in the amount of $150,000.  FAC, ¶ 8.  On December 12, 2016, Transamerica refused to pay Plaintiff the death benefits pursuant to the aviation exclusion.  FAC, ¶¶ 3-8.

---

[2] Plaintiff alleges that Affinion was the third party plan administrator for the Hartford policy and that Transamerica was Affinion's agent from at least March 10, 2014 until July 31, 2014.  FAC, ¶ 3.

Accordingly, Plaintiff asserts the following causes of action: (1) breach of contract; (2) tortious breach of the implied covenant of good faith and fair dealing (bad faith); (3) breach of fiduciary duty; and (4) fraud via negligent misrepresentation and concealment. *See generally*, FAC.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Twombly*, 550 U.S. at 557. The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (citing *In Re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

<u>**R**EQUEST FOR **J**UDICIAL **N**OTICE</u>

Transamerica requests the Court judicially notice three documents in support of its motion to dismiss: (1) the Hartford Certificate of Insurance , Policyholder SDCCU, Policy Number ADD-12208, insured persons Rivka Ofir and Moshhav Hatzeva; (2) the March 10, 2014 letter from Doug Smith to Rivka Ofir; and (3) the Transamerica Certificate of Insurance, Policyholder National Monument Credit Union Group Insurance Trust C/O SDCCU, Group Policy Number MZ0926738H0050F, insured members Rivka Ofir and Moshhav Hatzeva. Doc. No. 18-2 ("RJN") at 2-3. Transamerica claims Plaintiff references the documents in her FAC and cannot reasonably question their authenticity. *Id.* Moreover, Transamerica asserts that the Court previously judicially noticed these documents in its prior order dismissing Plaintiff's original complaint. *Id.* Plaintiff objects to the Court judicially noticing the first and third documents. Oppo. at 29-30. However, Plaintiff does not oppose the Court judicially noticing the letter. *Id.*

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 8; *see also* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908 (internal citations omitted). A court "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint

necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court **GRANTS** Defendant's request and judicially notices the March 10, 2014 letter marked as exhibit "B" to Defendant's request for judicial notice, as Plaintiff does not dispute its authenticity. *See* RJN, Exhibit B; *see also* Oppo. at 29-30. However, the Court **DENIES** Defendant's request to judicially notice the Transamerica Certificate of Insurance. RJN, Exhibit C. Plaintiff attached a different Certificate of Insurance to her FAC and incorporates it by reference. FAC, Exhibit 1. While Transamerica claims the two documents are copies, a comparison reveals a different letterhead. *See* RJN, Exhibit C; FAC, Exhibit 1. Accordingly, the Court will rely upon the Transamerica Certificate incorporated by reference into the FAC. Finally, the Court **DENIES** Defendant's request to judicially notice the Hartford certificate of insurance. *See* RJN, Exhibit A. The Court finds judicial notice of this document is unnecessary for the instant purposes, as the Court finds disposition of the motion is proper without reference to this document. *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (stating that judicial notice is inappropriate where the facts to be noticed are not relevant to the disposition of the issues before the court).

<u>DISCUSSION</u>

## 1.   *Breach of Contract*

Plaintiff alleges Transamerica breached the insurance contract by refusing to pay $150,000 in accidental death benefits to Plaintiff following Moshe's accidental death. FAC, ¶ 8. Specifically, she contends: (1) the aviation exclusion is unenforceable because it is not plain, clear, and conspicuous and is unconscionable under California Civil Code § 1670.5; and (2) Transamerica failed to "specifically disclose to Plaintiff the differences

6

in the replacement policy," including differences regarding the sickness and aviation exclusions and the elimination of a $3,000 non-contributory benefit.  FAC, ¶ 7.

### A.   Whether the Aviation Exclusion is Plain, Clear, and Conspicuous

Plaintiff first alleges the aviation exclusion is unenforceable because it is not plain, clear, or conspicuous.  FAC, ¶ 7.  Transamerica contends the aviation exclusion is enforceable because it is plain, clear, and conspicuous.  MTD at 11-14.  As Transamerica notes, "Plaintiff does not argue [in her opposition] that the language of the aviation exclusion, upon which Transamerica relied upon to deny her claim, was not plain, clear and conspicuous."  Reply at 9; *see* Oppo.

"Provisions [of insurance contracts] which purport to exclude coverage or substantially limit liability must be set forth in plain, clear and conspicuous language." *Thompson v. Occidental Life Ins. Co.*, 9 Cal. 3d 904, 921 (1973) (citing *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 273 (1966)).  To be plain, clear, and conspicuous, coverage exclusions and limitations must meet two separate tests: (1) the exclusion must be conspicuous, meaning it "must be placed and printed so that it will attract the reader's attention[;]" and (2) the exclusion "must be stated precisely and understandably, in words that are part of the working vocabulary of the average layperson."  *Haynes v. Farmers Ins. Exchange*, 32 Cal. 4th 1198, 1204 (2004).

#### 1.   Conspicuousness

"[T]he California Supreme Court [has] held an exclusion clause conspicuous as a matter of law when it was found in a section under the bold face heading "Exclusions," in printing the size and intensity identical to the rest of the policy."  *Doyle v. Safeco Ins. Co. of Am.*, No. CV F 08-1587 LJO GSA, 2008 WL 5070055, at *4 (E.D. Cal. Nov. 26, 2008) (citing *Na'l Ins. Underwriters v. Carter*, 17 Cal. 3d 380, 384-85 (1976)).  Additionally, a California Court of Appeal has explained that exclusions are conspicuous as a matter of law where they were divided so as not to be a dense pack, even though density of verbiage alone does not make a clause inconspicuous.  *Cal-Farm Ins. Co. v. TAC Exterminators, Inc.*, 172 Cal. App. 3d 564, 578 (Ct. App. 1985) (citing *Ponder v. Blue*

*Cross of S. Cal.*, 145 Cal. App. 3d 709, 722 (Cal. Ct. App. 1983)).  Transamerica asserts the aviation exclusion is conspicuous as a matter of law because it is contained in a section entitled "EXCLUSIONS," which is titled in all capital letters and bold print and includes eight exclusions separately enumerated, indented, and identified by bullet points. MTD at 13.  Moreover, Transamerica asserts the font of the aviation exclusion is the same size and typeface as the other policy provisions.  *Id.*  The Transamerica Certificate incorporated by reference into the FAC provides:

### EXCLUSIONS

We will not pay a benefit for a Loss which is caused by, results from, or contributed to by:

- suicide, attempted suicide or intentionally self-inflicted injury, while sane or insane (in Missouri and Colorado while sane).
- declared or undeclared war or any act of war.
- full-time military service.
- participating in a riot; committing an assault or felony.
- Sickness or its medical or surgical treatment, including diagnosis.
- operating or riding in any aircraft except as a fare-paying passenger on a regularly scheduled commercial flight or as a passenger in a transport plane operated by the Air Mobility Command (AMC) of the United States of America.
- alcohol intoxication, as defined in the state where the accident causing the injury occurred.
- taking of any drug, medication, narcotic, or hallucinogen, unless as prescribed by a Physician.

FAC, Exhibit 1.  Based upon the Transamerica Certificate provided by Plaintiff, the exclusions are conspicuous as a matter of law because they are appropriately labeled, located exactly where one would expect to find it (under a bold title "EXCLUSIONS"), and are divided so as not to be in a dense pack.  Nothing suggests the exclusions are inconspicuous, particularly in consideration of Plaintiff's failure to challenge this argument.  *See* Oppo.; *see also Doyle*, 2008 WL 5070055, at * 5.

### 2. *Plain and Clear Language*

Transamerica also contends the aviation exclusion language is plain and clear. MTD at 12.  To be plain and clear, exclusions must be "stated precisely and

understandably, in words that are part of the working vocabulary of the average layperson." *Dominguez v. Fin. Indem. Co.*, 183 Cal. App. 4th 388, 396 (Ct. App. 2010) (internal citation and quotation marks omitted). Thus, courts find limiting language to not be plain and clear where the provision is ambiguous, uses complicated words not within the knowledge of average laypersons, or where the language is confusing. *Haynes*, 32 Cal. 4th at 1211-12 (finding exclusion not plain and clear because the exclusion used ambiguous terms that were not obvious on their face, involved cross-references between multiple definitions and documents not in the insured's possession, and used "confusing language surrounding and introducing the actual text of the" exclusion); *see also Ponder*, 145 Cal. App. 3d at 723 (Cal. Ct. App. 1983) (holding that clause excluding coverage for "temporomandibular joint syndrome" without a definition for that disease was not plain and clear because it is a "technical medical term"). Courts have also held limiting language to be plain and clear if it "clearly applies." *Travelers Prop. Cas. Co. of Am. v. Superior Court*, 215 Cal. App. 4th 561, 578 (Ct. App. 2013) (finding language conspicuous, plain, and clear where "the exclusion clearly applie[d]").

Here, the exclusion specifically states that Transamerica "will not pay a benefit for a Loss which is caused by, results from, or contributed to by: . . . operating or riding in any aircraft except as a fare-paying passenger on a regularly scheduled commercial flight or as a passenger in a transport plane operated by the Air Mobility Command (AMC) of the United States of America." FAC, Exhibit 1. The term "loss" is defined as "the death of the Covered Person or any physical impairment, incurred expense, or other benefit covered under the terms of the Group Policy and any attached Riders." *Id.* The exclusion and corresponding definition are not ambiguous. The language does not use any undefined term of art, and the exclusion and corresponding definition do not use complicated words that are not in "the vocabulary of lay persons." *Ponder*, 145 Cal. App. 3d at 578. In addition, the language of the exclusion is simple and not "confusing." *Haynes*, 32 Cal. 4th at 1211. Plaintiff also does not dispute that the aviation exclusion unambiguously applies to Moshe's accidental death. *See* FAC, ¶ 15 (stating that Moshe

"died accidentally *as a result of* injuries he suffered when the aircraft he was operating crashed") (emphasis added); *see also* FAC, Exhibit 1 (stating that Transamerica will not pay a benefit "for a Loss which . . . *results from* . . . operating or riding in any aircraft . . . ."). As such, the aviation exclusion is plain and clear.

### 3. Conclusion

The Court finds the aviation exclusion to be conspicuous, plain, and clear. *See Marentes v. State Farm Mut. Auto. Ins. Co.*, 224 F. Supp. 3d 891, 909-10 (N.D. Cal. 2016) (finding an exclusion to be plain, clear, and unambiguous at the summary judgment stage); *Doyle*, 2008 WL 5070055, at * 5 (finding an exclusion conspicuous at the motion to dismiss stage); *Pinnacle Brokers Ins. Solutions LLC v. Sentinel Ins. Co., Ltd.*, No. 15-cv-02976-JST, 2015 WL 5159532, at *4 (N.D. Cal., Sept. 2, 2015) (granting Defendant's motion to dismiss in part because the exclusion was plain, clear, and conspicuous as it "clearly and unambiguously communicates" the limitation).

## B. Whether the Aviation Exclusion is Unconscionable

Plaintiff also alleges the aviation exclusion is unconscionable because the contract is an adhesion contract and because Transamerica misled Plaintiff because it knew it "added a sickness exclusion and broadened the scope of [the] aviation exclusion without specifically notifying Plaintiff." FAC, ¶ 7.

Unconscionability is a defense to the enforcement of an entire contract or particular contractual provisions. Cal. Civ. Code § 1670.5(a). "'[U]nconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 486 (Ct. App. 1982) (internal alterations omitted) (citing *Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445, 449 (D.C. Cir. 1965)). In other words, unconscionability has both a procedural and a substantive element. *Id.* The procedural element focuses on oppression and surprise due to unequal bargaining power, and the substantive element focuses on the fairness of the terms of the agreement and whether they are overly harsh or one-sided. *Pinnacle*

*Museum Tower Ass'n. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 246 (2012). Contracts or provisions of contracts found to be substantively unconscionable are often described as "unduly oppressive, so one-sided as to shock the conscience, and unreasonably favorable to the more powerful party." *Grand Prospects Partners, L.P. v. Ross Dress for Less, Inc.* 232 Cal. App. 4th 1332, 1347 (Ct. App. 2015) (internal quotation marks omitted) (citing *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1145 (2013)). "The elements of procedural and substantive unconscionability need not be present to the same degree because they are evaluated on a sliding scale. Consequently, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to conclude the term is unenforceable, and vice versa." *Id.* (internal citations omitted).

### 1. *Procedural Unconscionability*

Plaintiff contends the procedural element is met because the aviation exclusion is part of an adhesion contract. Oppo. at 22. Plaintiff alleges that the Transamerica Certificate is an adhesion contract because Transamerica was in a position of superior bargaining strength and Plaintiff was not given an opportunity to negotiate terms of the Transamerica Certificate. FAC, ¶ 7. Moreover, Plaintiff alleges the Transamerica Certificate is a "standardized contract drafted solely by [Transamerica]." *Id.*

Under California law, procedural unconscionability can be established by showing the contract is one of adhesion. *The McCaffrey Grp., Inc. v. Superior Court*, 224 Cal. App. 4th 1330, 1349 (Ct. App. 2014). The California Supreme Court defines "contract of adhesion" to mean a standardized contract imposed and drafted by the party of superior bargaining strength that provides the subscribing party only the opportunity to adhere to the contract or reject it. *Armedariz v. Found. Health Psychare Servs., Inc.*, 24 Cal. 4th 83, 113 (2000) (citing *Neal v. State Farm Ins. Cos.*, 188 Cal. App. 2d 690, 694 (Ct. App. 1961)).

However, California courts "recognize that showing a contract is one of adhesion does not always establish procedural unconscionability." *Grand Prospect Partners*, 232

Cal. App. 4th at 1348 n.9; *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1281 (9th Cir. 2006). To determine whether a contract of adhesion is procedurally unconscionable, California courts consider several factors, including: (1) the relative bargaining power and sophistication of the parties, (2) the complaining parties' access to reasonable market alternatives, and (3) the degree to which an offending provision of a contract is "buried in a lengthy . . . agreement." *See, e.g., Roman v. Superior Court*, 172 Cal. App. 4th 1462, 1470 n.2, 1471 (Ct. App. 2009) ("When bargaining power is not grossly unequal and reasonable alternatives exist, oppression typically inherent in adhesion contracts is minimal."). Additionally, California courts consider whether the agreement arose from a "situation[] where adhesion contracts are oppressive, despite the availability of alternatives," such as when "a sick patient seek[s] admittance to a hospital" or when an employee is presented with an employment contract. *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1320 (Ct. App. 2005).

Here, Plaintiff alleges that Transamercia was in a position of superior bargaining strength and drafted the contract and that Plaintiff was elderly when she entered into the agreement. FAC, ¶ 7. On the other hand, Plaintiff asserts that she has a Ph.D, which shows some level of sophistication. *See* FAC, ¶ 1. Additionally, Plaintiff argues that had she been "informed specifically" about the sickness and aviation exclusions, she "would have taken note . . . and would have acted to obtain additional insurance," indicating that she could have found meaningful and available alternatives. FAC, ¶¶ 7, 15; *See Nagrampa*, 469 F.3d at 1282-833. Moreover, the Court has already found that the exclusion was conspicuously placed and was not "buried in a lengthy . . . agreement." *See Roman*, 172 Cal. App. 4th at 1471. Finally, the agreement did not arise from a situation where the agreement is oppressive regardless of the availability of alternatives. *See Morris*, 128 Cal. App. 4th at 1320. Plaintiff received the March 10, 2014 letter sometime in March. FAC, ¶ 7. That letter indicated that coverage under the Hartford Certificate would end July 31, 2014 and coverage under the Transamercia Certificate would become effective August 1, 2014. FAC, ¶ 7; RJN, Exhibit B. Accordingly,

Plaintiff had several months to decide whether or not to accept coverage with Transamerica and was not under immediate pressure to make that decision. *See* RJN, Exhibit B; *see also Morris*, 128 Cal. App. 4th at 1320. Based on these factors, "the evidence of procedural unconscionability appears minimal, [but] it is sufficient to require [the Court], under California law, to reach the second prong of the unconscionability analysis." *Nagrampa*, 469 F.3d at 1284.

### 2. *Substantive Unconscionability*

Plaintiff contends the aviation exclusion is substantively unconscionable because the result is deprivation of accidental death benefits for her husband's death. Compl., ¶ 7. In support, Plaintiff alleges Transamerica's letter misled her into believing the Transamerica Certificate provided similar coverage to the Hartford Certificate, when in fact Transamerica's aviation exclusion is broader. *Id.* Substantive unconscionability focuses on whether an agreement's actual terms provide overly harsh or one-sided results. *See Pinnacle Museum Tower Ass'n.*, 55 Cal. 4th at 246 (the substantive element of unconscionability "pertains to the fairness of an agreement's actual *terms* and to assessments of whether they are overly harsh or one-sided") (emphasis added). Thus, the fact that Plaintiff relied on a letter indicating that the Hartford Certificate and Transamerica Certificate are similar does not make the aviation exclusion's terms substantively unconscionable. *See id.* Plaintiff's only remaining allegation with respect to substantive unconscionability is that the aviation exclusion "if enforced, would cause an unconscionable result, namely the deprivation of benefits Plaintiff would otherwise have received . . . ." FAC, ¶ 7.

Plaintiff urges the Court to permit her to develop facts supporting substantive unconscionability because "[w]here facts are in dispute, a motion to dismiss does not lie even if a judge might believe a Plaintiff might not ultimately prevail based on those disputed facts." Oppo. at 24. While the Court must construe facts in the light most favorable to Plaintiff on a motion to dismiss, the Court cannot supply Plaintiff with factual allegations supporting her claims for relief. *See Cahill*, 80 F.3d at 337-38.

Plaintiff has only provided a conclusory allegation that the aviation exclusion's result is unconscionable because she did not receive accidental death benefits due to the policy's limitation. *See* FAC, ¶ 7. However, "[a]n insurance company has the right to limit the coverage of a policy issued by it and when it had done so, the plain language of the limitation must be respected." *Con'l Cas. Co. v. Phoenix Const. Co.*, 46 Cal. 2d 423 (1956); *Nat'l Ins. Underwriters v. Carter*, 17 Cal. 3d 380, 386 (1976); *see also Trishan Air, Inc. v. Federal Ins. Co.*, 635 F.3d 422, 429 (9th Cir. 2011). Plaintiff fails to plead any facts pertaining to the harshness or one-sidedness of the terms contained within the aviation exclusion. *See* FAC, ¶ 7. For this reason, Plaintiff has failed to allege any substantive unconscionability.[3] *See id.*

### 3. Conclusion

Plaintiff pleads only a minimal amount of procedural unconscionability and insufficiently pleads substantive unconscionability. As both procedural and substantive unconscionability are required to render a contract provision unenforceable Plaintiff fails to plead that the aviation exclusion is unconscionable. *See Armendariz*, 24 Cal. 4th at 114 (explaining the sliding scale between procedural and substantive unconscionability).

## C. Whether the Notice of Change of Insurance Coverage was Plain, Clear, and Conspicuous

Plaintiff contends that Transamerica's March 10, 2014 letter notifying her that she would be covered by Transamerica failed to sufficiently notify her of changes to her insurance coverage. FAC, ¶ 7. Specifically, Plaintiff alleges Transamerica did not disclose the addition of a sickness exclusion, a broader aviation exclusion, and the omission of a $3,000 non-contributory benefit. *Id.*

---

[3] The Court notes that it previously allowed Plaintiff leave to amend her original Complaint to sufficiently allege substantive unconscionability, however Plaintiff failed to cure the deficiency in her FAC. Doc. No. 13 at 14; *see also* Oppo.; FAC, ¶ 7.

"Under California law, changes to insurance coverage must be in a clear and conspicuous writing." *Casey v. Metro. Life Ins. Co.*, 688 F. Supp. 2d 1086, 1095 (E.D. Cal. 2010). "The rule is and should be: Deletions or exclusions from a renewal group policy should be communicated and explained to the subscriber by a plain, clear and conspicuous writing." *Fields v. Blue Shield of Cal.*, 163 Cal. App. 3d 570, 583 (Ct. App. 1985). In other words, unless the notice of reduction in coverage is conspicuous, plain and clear, the insurance company is "bound by a greater coverage in an earlier policy when a renewal policy is issued." *Allstate Co. v. Fibus*, 855 F.2d 66, 663 (9th Cir. 1988); *Casey*, 688 F. Supp. 2d at 1095 (indicating that any notice of changes resulting in reduction in coverage must adequately bring such changes to the members' attention). If notice of a new exclusion is inadequate, the exclusion is ineffective. *Davis v. United Servs. Auto Ass'n*, 223 Cal. App. 3d 1322, 1332 (Ct. App. 1990).

Plaintiff alleges the Hartford Certificate contained an aviation exclusion "which was single spaced and in smaller type than that which appears [in the FAC] and which appeared on the backside of one of the double sided pages of that document." FAC, ¶ 3. According to Plaintiff, the exclusion contained the following language:

> **EXCLUSIONS:** This policy does not cover any loss resulting from 1. Intentionally self-inflicted injury, suicide or attempted suicide, whether sane or insane; 2. war or act of war whether declared or undeclared; 3. Injury sustained while full-time in the armed services of any country or international authority (Coverage will be provided for Injury resulting from non-military or non-combat activity with the U.S.); 4. Injury sustained while riding On any aircraft except a Civil or Public Aircraft, or military transport aircraft; 5. Injury sustained while riding On any aircraft: a) as a pilot, crew member, or student pilot; b) as a flight instructor or examiner; or c) if it is owned, operated, or leased by, or on behalf of the Policyholder, or any employer or organization whose eligible persons are covered under the Policy; 6. Injury sustained while voluntarily taking drugs which federal law prohibits dispensing without a prescription including sedatives narcotics, barbiturates, amphetamines, or hallucinogens unless the drug is taken as prescribed or administered by a licensed physician; 7. Injury sustained while committing or attempting to commit a felony; 8. Injury sustained as a result of being legally intoxicated from the use of alcohol.

FAC, ¶ 3.  Plaintiff also alleges that she would have received accidental death benefits under the Hartford policy because the aviation exclusion "is not plain, is not clear, and is not conspicuous, and was never specifically disclosed to Plaintiff."  FAC, ¶ 7.

Transamerica's aviation exclusion does not result in a reduction of coverage.  *See Allstate*, 855 F.2d at 663.  Plaintiff apparently does not dispute that the language in the Hartford's aviation exclusion, if enforced, would preclude recovery of an accidental death benefit for Moshe's death.  S*ee* FAC, ¶ 7 (stating that "benefits would not be excluded under THE HARTFORD certificate. . . because [the aviation exclusion] is not plain, is not clear, and is not conspicuous and was never specifically disclosed to Plaintiff").  Moreover, Hartford's aviation exclusion appears enforceable.  First, based on Plaintiff's FAC, the language was conspicuously placed and is plain and clear.  *See* FAC, ¶ 3; *see also Doyle*, 2008 WL 5070055, at *4 (finding an exclusion conspicuous where it was under the bold heading "Exclusions," and was in printing the size and intensity identical to the rest of the policy); *Nat'l Ins. Underwriters*, 17 Cal. 3d at 384-85 (same); *Cal-Farm Ins. Co.*, 172 Cal. App. 3d at 578 (noting that density of verbiage does not make a clause inconspicuous); *see also Ponder*, 145 Cal. App. 3d at 578 (clauses containing technical terms without definition are not plain and clear); *Haynes*, 32 Cal. 4th at 1211 (exclusions are not plain and clear if they are ambiguous, not obvious, involve cross-referencing between multiple definitions, and use confusing language); *Travelers*, 215 Cal. App. 4th at 578 (finding language conspicuous, plain, and clear where "the exclusion clearly applie[d]").  Second, Plaintiff provides no support for the contention that exclusions must be specifically disclosed to an insured when entering into the insurance agreement that is not a renewal.  *See Cont'l Cas. Co.*, 46 Cal. 2d at 432 (stating that insurance companies have a right to limit the coverage of a policy).

Accordingly, Transamerica's aviation exclusion did not result in a reduction of coverage for Plaintiff because she would not have received a benefit for Moshe's accidental death under either policy.  As such, Plaintiff insufficiently pleads the aviation

exclusion is unenforceable because Transamerica failed to provide adequate notice of the reduction in coverage.[4]

### D.  Conclusion

Based on the foregoing, Plaintiff insufficiently pleads that the aviation exclusion is unenforceable, and therefore, fails to sufficiently plead that Transamerica breached the insurance contract by refusing to pay accidental death benefits to her.  In addition, Plaintiff fails to adequately plead breach of contract based on Transamerica's allegedly inadequate notice of change in coverage.  As a result, the Court **GRANTS** Transamerica's motion and dismisses Plaintiff's breach of contract claim.

### 2.  *Bad Faith*

In her second cause of action, Plaintiff alleges Transamerica "unreasonably and tortiously breached the implied covenant of good faith and fair dealing . . . by continuing to refuse to pay Plaintiff the $150,000 in benefits owed to Plaintiff . . . after being informed by Plaintiff's counsel of information showing that the aviation exclusion on which [Transamerica] relied on is unenforceable against Plaintiff."  FAC, ¶ 12.  Transamerica contends this cause of action must be dismissed because Plaintiff insufficiently pleads a breach of contract claim.  MTD at 20-21.

"There is implied in every contract a covenant by each party not to do anything which will deprive the other parties thereto of the benefits of the contract."  *Harm v. Frasher*, 181 Cal. App. 2d 405, 417 (Ct. App. 1960).  A "breach of a specific provision of the contract is not a necessary prerequisite" to establishing a breach of the implied covenant of good faith and fair dealing.  *Carma Developers (Cal.), Inc. v. Marathon Dev.*

---

[4] Plaintiff also contends Transamerica failed to disclose the new sickness exclusion and that the policy did not contain a non-contributory benefit of $3,000.  FAC, ¶ 3-7.  However, Transamerica did not deny Plaintiff a benefit under the sickness exclusion and Plaintiff does not claim she is entitled to a non-contributory benefit.  *See id.*  Accordingly, even if Transamerica failed to adequately notify Plaintiff of these changes, her breach of contract claim would still fail, as they did not result in the denial of death benefits, and therefore did not cause the alleged breach. *See Davis*, 223 Cal. App. 3d at 1333 (stating that if notice of a new exclusion is inadequate the exclusion is ineffective).

*Cal., Inc.*, 2 Cal. 4th 342, 373 (1992). However, "[t]he implied covenant will not apply where no express term exists on which to hinge an implied duty, and where there has been compliance with the contract's express terms." *Berger v. Home Depot U.S.A., Inc.*, 476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007) (citations and quotation marks omitted).

The Court has already found that Plaintiff insufficiently pleads that the aviation exclusion is unenforceable. Accordingly, Plaintiff also fails to plead that Transamerica breached the covenant of good faith and fair dealing by refusing to pay accidental death benefits due to the aviation exclusion. "The covenant of good faith and fair dealing does not impose on [Defendant] duties beyond its contractual obligations." *Neng-Guin Chen v. Citibank (West), FSB*, No. 11-CV-01189 H (NLS), 2011 WL 3739535, at *3 (S.D. Cal. Aug. 24, 2011) (citing *Raeth v. Nat'l City Bank*, 755 F. Supp. 2d 899, 906 (W.D. Tenn. 2010)). Accordingly, the Court **GRANTS** Transamerica's motion and **DISMISSES** Plaintiff's breach of the implied covenant of good faith and fair dealing cause of action.

### 3. *Breach of Fiduciary Duty*

In her third cause of action, Plaintiff alleges she and Transamerica, acting as Affinion's agent, were in a fiduciary relationship from March 10, 2014 to July 31, 2014. FAC, ¶ 15. According to Plaintiff, Transamerica owed a fiduciary duty to Plaintiff as an agent of the plan administrator to disclose "specifically the differences between the renewal coverage being offered by [Transamerica] and Plaintiff's existing insurance under [the Hartford], including the new sickness exclusion and the broader and different aviation exclusion." *Id.* Thus, Transamerica breached its fiduciary duty by telling Plaintiff the plans were similar. *Id.* Additionally, Plaintiff alleges Transamerica breached its fiduciary duty to Plaintiff by falsely representing that "Plaintiff need take no further action to have her accidental death benefits insurance coverage continue other than to agree to allow the premium for the new replacement policy to be deducted automatically from her account with [SDCCU]." FAC, ¶ 15. Plaintiff alleges Transamerica's breach of fiduciary duty "caused Plaintiff not to obtain [AD&D] insurance covering her husband for his piloting activities and covering him under his then

existing health condition . . . ." *Id.* Transamerica argues Plaintiff's breach of fiduciary duty cause of action must be dismissed because Plaintiff has not sufficiently established a fiduciary relationship. MTD at 21-22.

Under California law, a breach of fiduciary duty claim requires "the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (Ct. App. 1991). The California Supreme Court has observed that the relationship between the insurer and the insured is not a "true 'fiduciary relationship.'" *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150-51 (2001) (citing Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2000) § 11:150, 11-31). Additionally, the relationship "between an insurer and a prospective insured is not a fiduciary relationship." *Cal. Serv. Station & Auto. Repair Ass'n v. Am. Home Co.*, 62 Cal. App. 4th 1166, 1173 (Ct. App. 1998). Thus, "as a matter of California law, no true fiduciary duty arises from the insurer-insured relationship and an insured therefore cannot maintain a claim for breach of fiduciary duty based solely on the insurer-insured relationship." *In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig.*, Nos. C-05-04726 RMW & C-06-00537 RMW, 2007 WL 486367, at *7 (N.D. Cal. Feb. 12, 2007); *accord Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138 (9th Cir. 1998) (holding that an insurer owes no fiduciary duty to its insured under California law). However, an insurer may be charged with a fiduciary obligation to its insured if it "knowingly undertake[s] to act on behalf and for the benefit of [Plaintiff]." *City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 386 (2008) ("before a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law").

Plaintiff alleges that Transamerica was acting as Affinion's agent in sending the March 10, 2014 letter, and therefore was acting as a plan administrator. FAC, ¶¶ 3-4. Plaintiff argues that a plan administrator is in a fiduciary relationship with an insured. Oppo. at 13. Assuming Transamerica was acting as Affinion's agent, Plaintiff's breach

of fiduciary duty claim fails.  In support of Plaintiff's argument that a fiduciary relationship exists between a plan administrator and an insured under an AD&D group insurance plan, Plaintiff cites to cases stating that a trust relationship exists between pensioner-beneficiaries and the trustees of pension funds who administer retirement benefits.  *Id.* (citing *Marzec v. Public Employees' Retirement System*, 236 Cal. App. 4th 889, 895-97 (Ct. App. 2015); *Lix v. Edwards*, 82 Cal. App. 3d 573, 578 (1978)).[5]  The Court finds these cases inapposite as they deal with the relationship of trust between pensioner-beneficiaries and the trustees of pension funds who administer retirement benefits, whereas this case deals with an accidental death and dismemberment group insurance plan.  Thus, the Court cannot agree with Plaintiff based on the cases she cites to that "[u]nder California law[,] a plan administrator of a non-ERISA group plan such as the one at issue in this case is a fiduciary."  Oppo. at 13.

Further, Plaintiff does not allege any facts suggesting that Transamerica knowingly undertook to act on behalf of and for the benefit of Plaintiff.  *See City of Hope Nat. Med. Ctr.*, 43 Cal. 4th at 386.  Plaintiff merely alleges that Affinion was the administrator of the Hartford Plan and that Transamerica sent a letter indicating that the Hartford and Transamerica plans were similar, without specifically disclosing the differences between the two, and that Transamerica "held itself out to be of superior knowledge and expertise to Plaintiff in matters of insurance and in particular in the matter of whether Plaintiff should agree to enter into a proposed insurance contract with [Transamerica] . . . ."  FAC, ¶¶ 15.

A review of the March 10, 2014 letter also does not indicate that Transamerica was acting on behalf of and for the benefit of Plaintiff.  *See* RJN, Exhibit B.  The letter states that Transamerica "will be the new carrier for [Plaintiff's AD&D] coverage," and that the

---

[5] Plaintiff also cites to *Fields*, 163 Cal. App. 3d at 579-83, however, *Fields* does not discuss a breach of fiduciary duty or a relationship of trust and confidence.  *See* Oppo. at 13 (citing *Fields*, 163 Cal. App. 3d at 579-83).

Hartford's coverage will end August 1, 2014, while Transamerica's coverage will begin August 1, 2014, so that coverage will not be interrupted. *Id.* The letter requests that Plaintiff review the enclosed Transamerica Certificate "carefully," as "the benefits provided under the new plan may be different than under [Plaintiff's] current plan," even though the letter provided that Plaintiff will "continue to be insured for similar AD&D coverage." *Id.*

Even further, Plaintiff fails to allege that her accidental death benefits insurance coverage was interrupted between July 31, 2014 and August 1, 2014. *See* FAC, ¶¶ 3, 7 (indicating that Plaintiff and Moshe were insured by the Hartford "through July 31, 2014," would "terminate effective August 1, 2014" and coverage by Transamerica was "effective no later than August 1, 2014"). As such, Plaintiff cannot show breach of fiduciary duty for Transamerica's allegedly false representation that her insurance coverage would be uninterrupted. *See* FAC, ¶ 15. Additionally, Plaintiff has not shown how Transamerica's alleged failure to disclose the sickness exclusion and elimination of the non-contributory benefit damaged her. *See* FAC, ¶ 15-16 (indicating she suffered damages in the amount of $150,000 and "severe emotional distress" as a result of enforcement of the aviation exclusion). Finally, Plaintiff has not sufficiently alleged that Transamerica's alleged failure to disclose the differences between Hartford's aviation exclusion and Transamerica's aviation exclusion caused her damage because Plaintiff has not sufficiently alleged she would be entitled to accidental death benefits under either policy. *See id.*

In summation, the letter and Plaintiff's allegations do not plausibly show that Transamerica affirmatively represented it would act on behalf and for the benefit of Plaintiff, despite the Court identifying the same deficiency in the original Complaint. *See* Doc. No. 13 at 17-20. Therefore, Plaintiff fails to adequately plead the existence of a fiduciary relationship between herself and Transamerica. *See City of Hope Nat. Med. Ctr.*, 43 Cal. 4th at 386. Even assuming Plaintiff had sufficiently alleged a fiduciary relationship, she insufficiently pleads damages caused by Transamerica's alleged breach.

As such, the Court **GRANTS** Transamercia's motion and dismisses Plaintiff's breach of fiduciary duty cause of action.

### 4. *Fraud*

Plaintiff alleges in her fourth and final cause of action that Transamerica's March 10, 2014 letter fraudulently represented that Transamerica's coverage was "similar" to the Hartford's coverage.[6]  FAC, ¶¶ 18-21.  Plaintiff alleges Transamerica knew that "the aviation exclusion provision and sickness exclusion provision were different from the coverage provided" by the Hartford policy, and the Transamerica policy did not have a $3,000 non-contributory benefit that existed in the Hartford policy.  FAC, ¶¶ 19-20. Plaintiff explains she justifiably relied on Transamerica's false representations and permitted Transamerica to deduct premiums from her SDCCU account, which ultimately caused Transamerica to deny Plaintiff accidental death benefits for Moshe's death.  FAC, ¶19.  Plaintiff explains she did not learn of and could not have reasonably learned of these misrepresentations until Transamerica denied her claim for benefits.  FAC, ¶¶19-20.  Plaintiff contends her allegations support two theories of fraud—negligent misrepresentation and concealment.  FAC, ¶¶ 19-21.

#### A. *Negligent Misrepresentation*

Under California law, the elements of negligent misrepresentation are: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Fox v. Pollack*, 181 Cal.

---

[6] Plaintiff also alleges that Transamerica falsely represented that Plaintiff's coverage would continue uninterrupted on August 1, 2014 if she agreed to allow premiums to be deducted automatically from her SDCCU account.  FAC, ¶ 18-21.  This claim fails because Plaintiff has not alleged that her coverage was interrupted.  *See* FAC.  Accordingly, the Court declines to address Plaintiff's fraud claims based upon uninterrupted coverage.

App. 3d 954, 962 (Ct. App. 1986); *see also Century Sur. Co. v. Crosby Ins., Inc.*, 124 Cal. App. 4th 116, 122 (Ct. App. 2004).

Transamerica argues that Plaintiff has not alleged it made a misrepresentation by stating that the policies were similar. MTD at 23. Plaintiff contends she adequately alleges a misrepresentation because she states that Transamerica falsely represented that the two policies were similar, when in fact "the aviation exclusion provision and sickness exclusion were different" from the Hartford's coverage and the Transamerica policy did not contain a $3,000 non-contributory benefit. FAC, ¶ 19.

The plain meaning of the word "similar" is "[r]elated in appearance or nature; alike though not identical." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1622 (4th ed. 2000); *see also* MERRIAM-WEBSTER, *available at* https://www.merriam-webster.com/dictionary/similar (defining similar as "having characteristics in common"). Thus, the fact that the Transamerica policy contained broader language in its aviation exclusion than the Hartford policy does not make the two policies dissimilar. Likewise, the fact that the Transamerica policy added a sickness exclusion and omitted a $3,000 non-contributory benefit does not make the policies dissimilar. Accordingly, Transamerica did not make a material misrepresentation by stating that the two policies are "similar."

Even if use of the word "similar" were a material misrepresentation, Plaintiff could not show justifiable reliance. Transamerica asserts that Plaintiff's reliance on the Transamerica letter was not justifiable because the language of the letter itself states that benefits may be different than the actual coverage issued under the Hartford policy. MTD at 24-25. Plaintiff contends she sufficiently alleges justifiable reliance because she "believed [Transamerica's representations] were true" and entered into an agreement with Transamerica based on those representations. Plaintiff contends she "read the letter" dated March 10, 2014 in its entirety, and "relied on the statements of that letter" when she decided to allow premiums to be deducted from her SDCCU account, thereby entering into an agreement with Transamerica. FAC, ¶ 7. That letter provides in relevant part:

Under the [Transamerica] plan, you will continue to be insured for similar AD&D coverage using [Transamerica's] standard provisions, definitions, filed language, and forms, and your beneficiary remains the same as you previously elected.

Please review the enclosed [Transamerica] Certificate of Insurance carefully. The amount of your AD&D coverage under the new plan with [Transamerica] is the same as under your current plan. Please note that the benefits provided under the new plan may be different than under your current plan.

RJN, Exhibit B.

California courts are "'unwilling to impose on the insured so onerous a burden as would automatically defeat any agent's liability for misrepresentation.'" *See Bock v. Hansen*, 225 Cal. App. 4th 215, 231 (Ct. App. 2014) (citing *Clement v. Smith*, 16 Cal. App. 4th 39, 45 (Ct. App. 1993)). However, an insured that received some notice or warning is not able to rely on an agent's representations of coverage without independently verifying the accuracy of those representations. *See id.* at 232 (citing *Clement*, 16 Cal. App. 4th at 45) ("'[a]bsent some notice or warning, an insured should be able to rely on an agent's representations of coverage without independently verifying the accuracy of those representations by examining the relevant policy provisions'"). Here, even though Transamerica stated the two policies were "similar," it also notified and warned Plaintiff that "the benefits provided under the new plan *may be different* than under your current plan." RJN, Exhibit B (emphasis added). As such, Plaintiff's reliance on the representation that the policies were "similar" is not justifiable when the entire language of the letter is taken into context.

In addition, Plaintiff inadequately pleads the remaining elements of negligent misrepresentation. For example, she alleges Transamerica "had no reasonable ground for believing" the alleged misrepresentations and "knew, or should have known," that the Transamerica policy contained an exclusion based on sickness which did not exist in the Hartford policy and that the language in the aviation exclusions were different. FAC, ¶ 19. She also alleges Transamerica "made these misrepresentations with the intent to

defraud Plaintiff and induce Plaintiff to enter" into the insurance contract "and to not purchase alternative insurance which Plaintiff could have done if she had been told the truth." *Id.* These allegations are conclusory and are merely recitations of the elements of negligent misrepresentation devoid of factual enhancement. *See Iqbal*, 556 U.S. at 678.

Because Plaintiff inadequately alleges a material misrepresentation and justifiable reliance, and because the remaining negligent misrepresentation allegations are conclusory, the Court **GRANTS** Transamerica's motion and dismisses Plaintiff's negligent misrepresentation claim.

### B. Concealment

"'The required elements for fraudulent concealment are (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact.'" *Hambrick v. Healthcare Partners Med. Grp., Inc.*, 238 Cal. App. 4th 124, 162 (Ct. App. 2015) (quoting *Graham v. Bank of America, N.A.* 226 Cal. App. 4th 594, 606 (Cal. Ct. App. 2014)).

Transamerica argues Plaintiff's concealment cause of action must be dismissed because it did not conceal or suppress any material facts. MTD at 26. Plaintiff alleges that Transamerica "concealed the following facts it was bound to disclose:" (1) the differences between Transamerica's aviation exclusion and The Hartford's aviation exclusion; and (2) Transamerica's sickness exclusion which was not an exclusion under the Hartford policy. FAC, ¶ 20; *see also* Oppo. at 16. In addition, Plaintiff alleges Transamerica "concealed that, in order for Plaintiff to have the same coverage Plaintiff had under [The Hartford] group AD&D policy, Plaintiff would have to purchase different insurance." *Id.*

However, Plaintiff also alleges that Transamerica "sent Plaintiff a certificate of insurance relating to the [Transamerica] group AD&D plan" with the March 10, 2014 letter. FAC, ¶ 7. "Plaintiff read the letter sent to her by [Transamerica]," which indicated that benefits under the Transamerica policy may be different than benefits under the Hartford policy, and notified her that she should review the attached Transamerica Certificate. FAC, ¶ 7; *see also* RJN, Exhibit B. Based on these allegations, Transamerica could not have concealed that "in order for Plaintiff to have the same coverage" she would have to purchase different insurance because Transamerica disclosed to Plaintiff that the plans may be different. *See* FAC, ¶ 20; *see also* RJN, Exhibit B. Moreover, while Plaintiff alleges that she did not compare the Transamerica Certificate to the Hartford Certificate, she does not allege that she did not read the Transamerica Certificate. FAC, ¶ 7. As discussed herein, the Transamerica Certificate specifically lists the sickness and aviation exclusions. FAC, Exhibit 1. As a result, Plaintiff cannot contend that Transamerica concealed the exclusions or their differences because the letter informed her there may be differences between the policies and the Transamerica Certificate specifically disclosed the exclusions at issue. FAC, Exhibit 1.

Further, Plaintiff's concealment allegations are a conclusory, formulaic recitation of the elements of fraudulent concealment. *See Iqbal*, 556 U.S. at 678. Plaintiff's concealment cause of action states in relevant part:

> [Transamerica] concealed . . . [t]he terms of THE INSURANCE CONTRACT, including the sickness exclusion and the aviation exclusion provision, were different from the provisions of certificate of insurance issued to Plaintiff by THE HARTFORD and which THE INSURANCE CONTRACT replaced [and] that, in order for Plaintiff to have the same coverage Plaintiff had under THE HARTFORD AD&D policy, Plaintiff would have to purchase different insurance which was not offered by [Transamerica]. [Transamerica] concealed these facts with the intent to defraud Plaintiff and to induce Plaintiff to enter into THE INSURANCE CONTRACT and not to purchase other insurance. Plaintiff was unaware of the concealed facts alleged herein and would have as an individual purchased an equivalent amount of insurance covering the possible accidental death of her husband resulting from his activities as a pilot and his existing health

condition if she had known the concealed facts. Plaintiff did not learn of, and could not reasonably have learned of, the [concealed] facts . . . until December 12, 2016 when Defendant TRANSAMERICA denied Plaintiff's claim for accidental death benefits for Moshe Ofir's death and based its denial on the aviation exclusion in THE INSURANCE CONTRACT.

FAC, ¶ 20. In summation, Plaintiff's concealment cause of action is inadequate. As a result, the Court **GRANTS** Transamerica's motion and dismisses Plaintiff's concealment cause of action.

## LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a) states that "'leave to amend shall be freely given when justice so requires.'" *See Schmidt v. PNC Bank, NA*, 591 Fed. App'x 642, 643 (9th Cir. 2015) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010)). While liberally granted, "leave to amend is not automatic." *Id.* It is within the discretion of district courts to deny leave to amend based on various factors, including futility of amendment and repeated failure to cure deficiencies by amendments previously allowed. *Id.*; *Star Patrol Enters. v. Saban Entm't, Inc.*, 129 F.3d 127 (9th Cir. 1997). Here, based on the nature of the deficiencies, amendment appears futile. Further, Plaintiff has failed to correct the deficiencies noted by the Court previously when it allowed Plaintiff leave to amend her original Complaint. Accordingly, the Court declines to allow Plaintiff further amendment.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Transamerica's motion to dismiss and **DISMISSES** Plaintiff's claims with prejudice and without leave to amend. *See Knappenberger*, 566 F.3d at 942. The Clerk of Court is instructed to enter judgment accordingly and to close this case.

**IT IS SO ORDERED**.

Dated: March 6, 2018

Hon. Michael M. Anello
United States District Judge